UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

BRYAN C.,

        Plaintiff,

      v.                                      **DECISION AND ORDER**

                                                          19-CV-6932S

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
_____

        1.      Before this Court is the Motion (Docket No. 21) for attorney's fees (pursuant to 42 U.S.C. § 406(b)) by counsel for Plaintiff Bryan C[1], to recover $9,613.94 (upon refund of $7,499.59 paid as Equal Access to Justice Act, "EAJA," fee award, Docket Nos. 19, 20). Defendant Commissioner of Social Security responded (Docket No. 22), generally without objection but assuming Plaintiff's refund of the EAJA award (id. Def. Memo. at 3).

        2.      Plaintiff brought this action pursuant to the Social Security Act ("the Act"), seeking review of the final decision of the Commissioner of Social Security that denied his applications for disability insurance benefits and supplemental security income under Titles II and XVI of the Act. (Docket No. 1.)

        3.      On August 20, 2021, this Court granted Plaintiff's Motion for Judgment on the Pleadings (Docket No. 8), denied Defendant's Motion for Judgment on the Pleadings (Docket No. 11), and remanded the claim to the Commissioner (Docket No. 16, Bryan C. v. Comm'r, 2021 WL 37098969; familiarity is presumed).

---

[1] In accordance with this Court's Standing Order of November 18, 2020, and consistent with guidance from the Committee on Court Administration and Case Management of the Judicial Conference of the United States, this Decision and Order will identify Plaintiff by first name and last initial.

4.      Plaintiff then applied for EAJA attorneys' fee and the parties stipulated to awarding the fees (Docket Nos. 19, 18; see Docket No. 20, Order of November 8, 2021, so ordering the Stipulation), awarding Plaintiff $5,950.94 in EAJA attorneys' fees (Docket No. 20).

5.      On October 11, 2022, the Administrative Law Judge issued a fully favorable decision granting Plaintiff's claim in its entirety (Docket No. 21, Pl. Atty. Decl. at 1).  The Social Security Administration issued a Notice of Award on Plaintiff's claim, finding that Plaintiff was entitled to $54,612.00 in past due benefits, including a declaration that 25% or $13,653.00 was withheld to pay attorneys' fees (Docket No. 21, Pl. Atty. Decl. at 1).

6.      Plaintiff now moves for his attorneys to receive $9,613.94 pursuant to § 406(b), with a refund of the EAJA fees already paid (id.).  Plaintiff's counsel states that she spent 28.4 hours in prosecuting this case (Docket No. 21, Pl. Atty. Decl. Ex. A). Counsel also attached the contingent fee agreement between Plaintiff and counsel's law firm for this representation (id., Ex. C).  Plaintiff's counsel argues that the hourly rate of $338.52 per hour is reasonable and what she would otherwise charge (id., Pl. Atty. Decl. at 1).

7.      Defendant responds (in pursuance to the role as trustee for claimants) that the Commissioner has no objection to an award under § 406(b) but reminds that this Court must independently determine whether the amount claimed is reasonable (Docket No. 22, Def. Response at 1).  The Commissioner insists that Plaintiff must refund the EAJA attorney's fee he already received before being awarded § 406(b) fees to avoid duplicate recovery (id. at 2).

8. "For proceedings in court, Congress provided for fees on rendition of 'a judgment favorable to a claimant,'" Gisbrecht v. Barnhart, 535 U.S. 789, 795, 122 S.Ct. 1817, 152 L.Ed.2d 996 (2002) (quoting 42 U.S.C. § 406(b)(1)(A)). "As part of its judgment, a court may allow 'a reasonable fee . . . not in excess of 25 percent of the . . . past due benefits' awarded to the claimant. § 406(b)(1)(A)," id. This fee is payable from the recovered past-due benefits, id. (quoting 42 U.S.C. § 406(b)(1)(A)). Section 406(b) is the "exclusive regime for obtaining fees for successful representation of Social Security benefits claimants," id. at 796, with attorneys committing a criminal offense if they attempt to claim anything more that the authorized amount, id. (Docket No. 23, Pl. Memo. at 3.)

9. Section 406(b) recognizes contingent fee agreements counsel with claimants.

10. Under Federal Rule of Civil Procedure 54(d)(2)(B), the § 406(b) motion is due 14 days after Plaintiff receives a calculation of past due benefits, Sinkler v. Berryhill, 932 F.3d 83, 90 (2d Cir. 2019). The calculation here came in the Notice of Award of October 5, 2022 (received on October 11, 2022). Plaintiff's application filed seven days after the date of the Notice of Award thus is timely.

11. In Gisbrecht, the Supreme Court held that "§ 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases," 535 U.S. at 807, with one statutory boundary, that fees over 25 percent are unenforceable, id.; 42 U.S.C. § 406(b)(1)(A). Within the 25 percent boundary "the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered," Gisbrecht, supra, 535 U.S. at 807, see id. at 807 n.17 (claimant's attorney bears burden of persuasion that statutory requirements have

been met). "Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved," id. at 808. If the attorney is responsible for the delay, the attorney's fee will be reduced to avoid any windfall due to the delay, id. The award also is adjusted relative to the past-due benefits the claimant received, id.

12. To help this Court determine the reasonableness of the award, counsel may (as done here, Docket No. 21, Pl. Atty. Decl. Ex. A,) submit a record of hours spent representing Plaintiff and a statement of the attorney's billing charge for noncontingent fee cases, id.

13. Plaintiff submitted a calculation of his attorney's hourly rate and the hours expended representing him before this Court (id.). Counsel also furnished the contingent fee agreement with Plaintiff that Plaintiff agreed to pay 25% of the past-due benefits (id., Ex. C). Thus, under Gisbrecht, the remaining issue is whether the amount claimed is reasonable.

14. Defendant Commissioner does not oppose Plaintiff's § 406(b) fee award (Docket No. 22, Def. Response at 4-5), deferring to this Court's independent review of this application (id. at 5).

15. Upon that independent review, this Court hold that the fees sought here (after refund of the paid EAJA fee award) are reasonable. Applying the elements required by the Gisbrecht Court, Plaintiff entered a contingent fee arrangement with his counsel (Docket No. 21, Pl. Atty. Decl., Ex. C) agreeing to withhold up to 25% of past due benefits to pay his attorney.

16. Reviewing Plaintiff's counsel's declaration (id. Ex. A) listing his time expended in prosecuting Plaintiff's case and when these activities occurred does not show counsel's delay in prosecuting this action. The docket shows only two brief extensions of time, one consented to by Defendant seeking a four-week extension of time for Plaintiff to file his Motion for Judgment on the Pleadings (Docket No. 9; see Docket No. 10, Order granting Motion) and the other sought by Defendant extending the Commissioner's time to respond of file an opposing Motion (Docket No. 12; see Docket No. 13, Order granting Motion).

17. Counsel's claim of 37.2 hours expended (Docket No. 23, Pl. Atty. Decl., Ex. A) is reasonable given the scope of the record in this case (mental health treatment from 2016 through 2018) and the issues identified, Randolph A., supra, 2021 WL 707156.

18. Plaintiff's counsel then calculated an hourly rate based upon the reasonable value for his work of $338.52 per hour (Docket No. 21, Pl. Atty. Decl. at 1).

19. The Government has not objected to the rate charged, Plaintiff's method of calculation of that contingent fee, or Plaintiff's counsel time expended (see Docket No. 22, Def. Memo.).

20. The $338.52 per hour contingent rate now sought is reasonable and, as noted by Plaintiff (Docket No. 21, Pl. Atty. Decl. at 1) within the range of attorney's fees this Court has found to be reasonable in this District for similar Social Security appellate work.

21. Therefore, the claimed fee of $9,613.94 (less refund of the awarded Plaintiff's EAJA fee) is reasonable. Plaintiff's application for attorney's fee (Docket

No. 23) from his past-due benefits of $9,613.94 is granted, provided Plaintiff's counsel refund the already awarded EAJA award of $5,950.94.

IT HEREBY IS ORDERED, that Plaintiff's Motion for Attorney's Fees, pursuant to 42 U.S.C. § 406(b), to recover $9,613.94 (Docket No. 21) is GRANTED upon Plaintiff refunding $5,950.94 in paid EAJA fees.

SO ORDERED.

Dated:    November 22, 2022
          Buffalo, New York

                                        s/William M. Skretny
                                        WILLIAM M. SKRETNY
                                        United States District Judge